## GUILLERMO GIMENEZ

*v.*

## MANUEL SEOANE.

---

San Juan, Law, No. 639.

### SUIT ON CONTRACT.

1. Where parties enter into a contract to cultivate a rented plantation for a specified number of years on shares, one of the parties cannot arbitrarily break the contract and exclude the other from the plantation before the expiration of the time limit, without paying full damages for so doing.

2. Offers to compromise a difference before litigation, when not accepted, are not binding thereafter upon the party making the offer.

Case tried November 10, 1909.

Gimenez v. Seoane.

*Messrs. Sweet & Wilcox,* for plaintiff.

*Mr. T. D. Mott, Jr.,* for defendant.

The facts sufficiently appear from the instructions which RODEY, Judge, gave to the jury, as follows:

It becomes the court's duty now to instruct you as it may with reference to this case, and it being a civil case, and there being no large fortune involved, the court has not prepared written instructions, but will endeavor to instruct you orally about your duties.

This is the first case we have tried at this term, and some of you may or may not have served on a jury before. The court desires to tell you that the duty of a jury is to pass upon the facts of a case. Where there is a dispute on the facts, it is your province to decide such questions on a preponderance of the evidence. Where there is a question of law to be decided, whether he decides it right or wrong, the court has to decide that.

This is a case that it would be hard to find one better for the jury to pass upon. It is simply a dispute between these two gentlemen as to what their account ought to be between each other. They entered into a contract which was not actually signed, but it is admitted to be the real contract between them, with reference to the working of a "finca," or ranch, over here, in partnership, on rented ground, and I think that you have had evidence enough before you to say exactly what the differences are between the parties.

Now, it is also a civil case, where your consciences are not

bound with that fear of doing wrong that you would have in a criminal case, where the law also has that fear, because in a criminal case you cannot find a defendant guilty unless it has been proven to you beyond a reasonable doubt. While in a civil case, the law says to the jury, you will find for one side or the other, as that side may have the preponderance of the evidence. A mere preponderance of the evidence is sufficient in a civil case, while the government must prove a defendant guilty beyond a reasonable doubt in a criminal case. So, for that reason, juries really ought to agree in all civil cases, if they are honest and reasonable men, as they are presumed to be, and they ought to argue out differences among themselves. No man is, of course, obliged to give up his opinion to another, if he believes that injustice would supervene if he did so.

You are the sole judges of the weight of the evidence and of the credibility of any witness, and if you believe that any witness has wilfully sworn falsely as to any material fact in the case, you may disregard the whole or any portion of such witness's testimony, unless you see that it is corroborated otherwise in the case.

With reference to this particular case and any evidence of a compromise in it, the law is that when men endeavor to enter into a compromise, they may agree to take less in the way of settlement, and they may make offers to each other; but if they do not settle, those offers are not binding on either side. They are simply put in evidence to assist you in arriving at a reasonable verdict. The evidence has been submitted to you on both sides; their accounts are here and their contract. All of these exhibits will be given to you. The lawyers on both sides

have conducted the case well, and each has argued to you to the best of his ability.

These parties have exactly equal rights before this court and before you. You should have no prejudice in favor of or against either of them. You are sworn to decide the case on the evidence as presented and the law as given you by the court. Nobody can ever question you for your verdict, which-ever way you decide. You will therefore decide the case irre-spective of whether it pleases Mr. Mott or Judge Wilcox or the court, and after you have done your duty we must all be satisfied with it.

Now, with reference to this point of the five years basis of the contract, I think that Mr. Mott told you the true basis and I think also that Mr. Wilcox did. The parties each had a right to break the contract at any time, but you may consider whether it was justly broken between the parties. But when you consider the question of the malojilla and the cane, you ought to take in to consideration in estimating what, if any-thing, is due, how valuable that is to the defendant, consid-ering that he had a five years' lease of the property, if he had gone on with the other man up to the end of it, notwithstand-ing the fact that he had a right to break it at any time. So, on the whole, estimate it between them as sensible and reason-able business men; and when you have done that, I have no doubt that you will have done your duty properly.

There will be two forms of verdict given you; one reading: "We, the jury, find for the plaintiff, and assess his damages in the sum of blank dollars;" and the other reading simply: "We, the jury, find for the defendant." When you arrive at a verdict, one of your number, whom you select as foreman,

Gimenez v. Seoane.

will sign the blank which corresponds to it, and then you will all return it into court.

The jury found for the plaintiff, giving. him the full amount of damages claimed; *viz.,* $1,436.